1

2

3

4

5

6

7

8                                 UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TAMECUS REED,                                    No.  2:22-cv-1169 KJM DB P

12                        Plaintiff,

13          v.                                         ORDER

14    JAN SCULLY,

15                        Defendant.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18    U.S.C. § 1983.  Plaintiff claims video used in criminal proceedings against him were altered.

19    Presently before the court is plaintiff's motion to proceed in forma pauperis and his complaint for

20    screening.  For the reasons set forth below, the undersigned will grant the motion to proceed in

21    forma pauperis and dismiss the complaint with leave to amend.

22                                     **IN FORMA PAUPERIS**

23          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

24    1915(a).  (ECF No. 2.)  Accordingly, the request to proceed in forma pauperis will be granted.

25          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

26    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

27    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

28    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

                                              1

forward it to the Clerk of the court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## SCREENING

### I.      Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. <u>Bivens</u>, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. <u>See Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. <u>See Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

## I.      Allegations in the Complaint

Plaintiff alleges that he was granted the right in state court to seek postconviction discovery from the district attorney for the purpose of preparing a state habeas petition. (ECF No. 1 at 3.) He states that his due process rights were violated when Sacramento County District Attorney Jan Scully refused to allow plaintiff access to the interrogation interview videotape for analysis. He further claims that the video was altered and edited to make it look as though he was

3

1    given the <u>Miranda</u> advisement when he actually was not.  He states that he would like to have the

2    video analyzed "to obtain 'new evidence' to show tampering by law enforcement."

3    **II.      Does Plaintiff State a Claim under § 1983?**

4    At the outset the court notes that "[f]ederal law opens two main avenues to relief on

5    complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a

6    complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended 42 U.S.C. § 1983."

7    <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004) (per curiam).  A habeas corpus petition is the

8    proper mechanism for a prisoner to use to contest the legality or duration of his confinement.  <u>See</u>

9    <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973); <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991).

10   In contrast, a civil rights action pursuant to § 1983 is the proper method for a prisoner to

11   challenge the conditions of that confinement.  <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42

12   (1991); <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of

13   the Rules Governing Section 2254 Cases.  To the extent plaintiff seeks release from custody or a

14   shorter term of imprisonment, such remedy should be sought in habeas rather than via a civil

15   rights action.

16   **A.  Immunity**

17   "Prosecutors are absolutely immune from liability under § 1983 for their conduct insofar

18   as it is 'intimately associated' with the judicial phase of the criminal process."  <u>Botello v.</u>

19   <u>Gammick</u>, 413 F.3d 971, 975 (9th Cir. 2005) (quoting <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430

20   (1976)).  Prosecutors have immunity from actions that are related to the initiation and

21   presentation of criminal prosecutions.  <u>Imbler</u>, 424 U.S. at 430-31; <u>Botello</u>, 413 F.3d at 976.

22   Accordingly, plaintiff's claim against Sacramento County District Attorney Jan Scully is barred

23   because prosecutors are not proper defendants in a § 1983 action.

24   **B.  Rooker-Feldman Doctrine**

25   Moreover, plaintiff's claim is not cognizable pursuant to the Rooker-Feldman doctrine to

26   the extent he claims the state court erred when it denied his request for video footage of his

27   interrogation.  <u>See District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 476 (1983);

28   <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>see also Exxon Mobil Corp. v. Saudi Basic</u>

4

1   Industries, Inc., 544 U.S. 280, 284 (2005) (Rooker-Feldman doctrine applies to bar "cases

2   brought by state-court losers complaining of injuries caused by state-court judgments rendered

3   before the district court proceedings commenced and inviting district court revie and rejection of

4   those judgments").  The Rooker-Feldman doctrine "bars a district court from exercising

5   jurisdiction not only over an action explicitly styled as a direct appeal [from a state court

6   judgment], but also over the 'de facto equivalent' of such an appeal."  Cooper v. Ramos, 704 F.3d

7   772, 777 (9th Cir. 2012).  "[A] state-court decision is not reviewable by lower federal courts, but

8   a statute or rule governing the decision may be challenged in a federal action."  Skinner v.

9   Switzer, 562 U.S. 521, 532 (2011) (citations omitted).

10           While plaintiff states that district attorney Scully refused to allow access to the video

11   (ECF No. 1 at 3), he earlier states he filed a request in the state court.  Therefore, it appears that

12   plaintiff may have filed the instant complaint following a denial of his state court request.  If the

13   court were to grant plaintiff's requested relief, it would effectively reverse the state court's

14   decision.  See Cooper, 704 F.3d at 779.  Thus, it appears plaintiff's sole claim may be barred by

15   the Rooker-Feldman doctrine.  In any amended complaint, plaintiff should specify whether his

16   request for discovery was denied by the state court or district attorney Scully.

17                    **C.  Younger Abstention**

18           Finally, federal courts are required to abstain from interfering in ongoing state matters.

19   Younger v. Harris, 401 U.S. 37, 43-45 (1971).  Although Younger dealt with a criminal

20   prosecution, the Supreme court has extended the principles to civil actions.  Middlesex County

21   Ethics Comm. v. Garden State Bar Assoc., 457 U.S. 423, 432 (1982); see also Potrero Hills

22   Landfill, Inc. v. County of Solano, 657 F.3d 876, 882 (9th Cir. 2011).

23           Younger abstention doctrine applies if four conditions are met: "(1) a state-initiated

24   proceeding is ongoing; (2) the proceeding implicates important state interests; 3) the federal

25   plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4)

26   the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e.,

27   would interfere with the state proceeding in a way that Younger disapproves."  San Jose Silicon

28   ////

1 | _Valley Chamber of Commerce Political Action Comm. v. City of San Jose_, 546 F.3d 1087, 1092

2 | (9th Cir. 2008).

3 |       Plaintiff alludes to state postconviction proceedings, and there is no indication that such

4 | proceedings have been dismissed.  If state proceedings are ongoing, this case cannot proceed

5 | because _Younger_ abstention would apply.  In any amended complaint, plaintiff should specify if

6 | state proceedings are ongoing.

7 | **AMENDING THE COMPLAINT**

8 |       As set forth above, the complaint does state a potentially cognizable claim.  However,

9 | plaintiff will have the opportunity to amend the complaint.  Plaintiff is advised that in an amended

10 | complaint he must clearly identify each defendant and the action that defendant took that violated

11 | his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's

12 | charging allegations are as to each named defendant.  The charging allegations must be set forth

13 | in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.

14 | That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff

15 | should provide a short, plain statement of each claim.  _See_ Fed. R. Civ. P. 8(a).

16 |       Any amended complaint must show the federal court has jurisdiction, the action is brought

17 | in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

18 | contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

19 | personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

20 | _Johnson v. Duffy_, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

21 | of a constitutional right if he does an act, participates in another's act or omits to perform an act

22 | he is legally required to do that causes the alleged deprivation).

23 |       In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

24 | R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

25 | R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

26 | occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

27 |       The federal rules contemplate brevity.  _See_ _Galbraith v. County of Santa Clara_, 307 F.3d

28 | 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action.  If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted;

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

////

////

7

1    5.  Failure to comply with this order will result in a recommendation that this action be

2  dismissed.

3  Dated:  October 31, 2022

4

5  _____

6  DEBORAH BARNES
   UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14  DB:12
   DB/DB Prisoner Inbox/Civil Rights/S/reed1169.scrn
15

16

17

18

19

20

21

22

23

24

25

26

27

28