UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMECUS REED, | No. 2:22-cv-1169 KJM DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JAN SCULLY, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims video used in criminal proceedings against him were altered. Presently before the court is plaintiff's amended complaint (ECF No. 10) for screening. For the reasons set forth below, the undersigned will recommend that the amended complaint be dismissed without leave to amend.

**SCREENING**

**I.    Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28

1

U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

2

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Allegations in the Complaint

Plaintiff states that he has been denied due process in the County of Sacramento and in the state courts. (ECF No. 10 at 1.) He further alleges that under California Penal Code § 1054.9[1] he has the right to receive discovery materials from the Office of the District Attorney and from the Sacramento County Sheriff's Department. (Id.)

Plaintiff alleges that he requested access to an interrogation videotape, crime scene photographs, and photographic negatives pursuant to § 1054.9. (Id. at 1-2.) He further alleges that his requests were denied first by the district attorney and later by the Sacramento County Superior Court. (Id. at 2.) Plaintiff also filed a writ of mandate in the California Court of Appeal for the Third Appellate District and a petition for review in the California Supreme Court and both were denied without explanation.

Plaintiff claims that he sought access to physical evidence because "there is a high probability that [he] will receive new evidence that will most likely support [his] claim of actual innocence and a wrongful conviction." (Id.)

---

[1] "California Penal Code section 1054.9 'creates a mechanism by which, . . . a capital or LWOP prisoner prosecuting a habeas petition [in state court] can seek discovery of materials in the possession of the prosecution and law enforcement authorities to which the same defendant would have been entitled at [the] time of trial.'" Stevenson v. Beard, No. 3:16-cv-03079 JLS PCL, 2017 WL 2123628 at *6 fn. 2 (S.D. Cal. May 16, 2017) (citing Cal. Penal Code § 1054.9 and People v. Superior Court, 2 Cal. 5th 523, 528 (2017)).

**III.     Does Plaintiff State a Claim under § 1983?**

At the outset the court notes that "[f]ederal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam).  A habeas corpus petition is the proper mechanism for a prisoner to use to contest the legality or duration of his confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). In contrast, a civil rights action pursuant to § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  To the extent plaintiff seeks release from custody or a shorter term of imprisonment, such remedy should be sought in habeas rather than via a civil rights action.

Plaintiff has presented his claim as one arising under § 1983 but seeks relief, evidence to support his claim of actual innocence, that should more properly be sought in a petition for writ of habeas corpus.  The Ninth Circuit has stated that "[i]n cases where a prisoner's section 1983 complaint evinced a clear intention to state a habeas claim . . . the district court should treat the complaint as a habeas petition." Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). However, the undersigned finds that this action is inappropriate for consideration as a petition for writ of habeas corpus because plaintiff has previously raised the same allegations in the complaint in a petition for writ of habeas corpus, Reed v. Sherman, No. 2:14-cv-00463 JAM GGH (E.D. Cal.).  Because plaintiff has raised claims better raised in a habeas action, and he has previously raised similar claims previously, the complaint should be dismissed.  See Grooms v. Johnson, 247 Fed.Appx. 436 (2007) (upholding dismissal of complaint styled as an action arising under § 1983 that the district court construed as more properly brought in an action pursuant to § 2254 because the plaintiff had previously raised similar claims).

Moreover, as in the prior complaint, plaintiff is challenging the state court's interpretation of California Penal Code § 1054.9.  However, such claim is barred by the Rooker-Feldman

4

doctrine because federal district courts may not review state court decisions interpreting state law. See Alvarez v. Atty. Gen. for Florida, 679 F.3d 1257, 1262-66 (11th Cir. 2012).

**IV.   No Leave to Amend**

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned has carefully considered whether leave to amend should be granted. Plaintiff's claims are more properly brought via petition for writ of habeas corpus, these claims have been raised previously, and are barred by the Rooker-Feldman doctrine. Therefore, the complaint should be dismissed without leave to amend.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that the amended complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States Magistrate Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty days after being served these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

////

////

////

5

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 24, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/reed1169.scrn2 fr