UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMECUS REED,<br><br>     Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO,<br><br>     Defendant. | No. 2:22-cv-01169 KJM DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  Plaintiff claims video used in criminal proceedings against him were altered.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 27, 2023, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within twenty days.  ECF No. 11.  Plaintiff has filed objections to the findings and recommendations.  Objs., ECF No. 12.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

/////

1    The court addresses plaintiff's objections here.  Plaintiff argues the magistrate judge erred
2 in finding that the *Rooker-Feldman* doctrine bars his claims.  Objs. at 3.

3    The *Rooker-Feldman* doctrine "prohibits a federal district court from exercising subject
4 matter jurisdiction over a suit that is a de facto appeal from a state court judgment."  *Kougasian v.*
5 *TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).  "'[T]his doctrine applies even where the
6 challenge to the state court decision involves federal constitutional issues,' including section 1983
7 claims."  *Benavidez v. County of San Diego*, 993 F.3d 1134, 1142 (9th Cir. 2021) (quoting *Doe &*
8 *Assocs. Law Offs. v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001)).  A complaint is a de facto
9 appeal when it satisfies a two-part test: a plaintiff "asserts as a legal wrong an allegedly erroneous
10 decision by a state court, and seeks relief from a state court judgment based on that decision."
11 *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).

12    In his first amended complaint, plaintiff alleges he was denied due process because he did
13 not receive certain discovery materials he was entitled to under California Penal Code section
14 1054.9.  First Am. Compl. at 1–2, ECF No. 10.  Plaintiff explains he made good faith efforts to
15 obtain discovery materials in accordance with section 1054.9.  *Id.* at 3–12.  However, despite
16 explaining to the state courts and Deputy District Attorney the grounds for his request, his request
17 for discovery materials was denied by the Office of the District Attorney and the Sacramento
18 County Superior Court.  *Id.* at 13.  The Superior Court then denied his motion for reconsideration.
19 *Id.* at 2.  Additionally, plaintiff's writ of mandate in the California Court of Appeal for the Third
20 Appellate District and petition for review in the California Supreme Court were denied without
21 explanation.  *Id.*  Thus, plaintiff alleges he was "deprived of a normal, available and adequate
22 postconviction remedy . . . ."  *Id.* at 13.  Plaintiff's requested relief is for the district court to grant
23 him access to the discovery materials he had requested from the state courts.  *Id.*

24    Here, the basis of plaintiff's complaint is that the state courts violated his due process
25 rights and erred by not granting him access to the discovery materials he requested.  He seeks
26 relief from the state court decisions by asking the district court to grant the request the state courts
27 denied.  Such a claim is barred by the *Rooker-Feldman* doctrine.  *See Exxon Mobil Corp. v. Saudi*
28 /////

*Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (noting only the Supreme Court is empowered by Congress "to exercise appellate authority 'to reverse or modify' a state-court judgment").

Citing *Skinner v. Switzer*, 562 U.S. 521 (2011), plaintiff argues *Rooker-Feldman* does not apply because he is challenging "a state created statute that afforded [him] the right to obtain physical evidence . . . ." Objs. at 3. In *Skinner*, the plaintiff did not challenge the adverse state court decisions; rather, the plaintiff argued the state statute authorizing post-conviction DNA testing, which the state courts authoritatively construed, was unconstitutional. 562 U.S. at 532. Unlike in *Skinner*, plaintiff does not argue California Penal Code section 1054.9 is unconstitutional. *See generally* First Am. Compl. Rather, plaintiff argues he is entitled to discovery materials under section 1054.9 and challenges the application of California law in his case. *Id.* To the extent plaintiff requests the court overrule the state court's application of section 1054.9 in his case and reverse the state court's decision denying him access to discovery material, *Rooker-Feldman* does bar plaintiff's claims. *See Skinner*, 562 U.S. at 532 ("[A] state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action."); *see also Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257, 1264 (11th Cir. 2012) (holding *Rooker-Feldman* barred claim that state courts violated due process by misapplying state DNA access procedures).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 27, 2023, are adopted in full;
2. The amended complaint is dismissed without leave to amend; and
3. The Clerk of Court is directed to close this case.

DATED: July 10, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE

3